[Cite as *State v. Keiter*, 2013-Ohio-120.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25235 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CR-2960 |
| v. | : | |
| | : | |
| EDGAR S. KEITER, SR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 18th day of January, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020884, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

BYRON K. SHAW, Atty. Reg. #0073124, 4800 Belmont Place, Huber Heights, Ohio 45424
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Edgar S. Keiter appeals from the trial court's denial of a post-sentence motion to withdraw his no-contest plea to one count of rape and his guilty plea to three counts of

gross sexual imposition.

{¶ 2}   Keiter's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for our review. The *Anders* brief raises potential issues, which counsel has concluded are frivolous. Keiter also has filed a pro se brief, advancing four assignments of error.

{¶ 3}   The record reflects that Keiter entered his pleas as part of a negotiated agreement. The trial court accepted the pleas and made a finding of guilt. The matter then proceeded to a sentencing hearing. At the outset of the hearing, the trial court discussed a letter that it had received from Keiter. The trial court noted that the letter was ambiguous but could be interpreted as a request to withdraw his pleas. Defense counsel responded that he had discussed the letter with Keiter, who wished to proceed with sentencing. In open court, Keiter agreed that he wanted to be sentenced that day. Consistent with the plea agreement, the trial court proceeded to impose an aggregate ten-year prison sentence and five years of post-release control. The trial court journalized its sentence in a February 22, 2010 judgement entry.

{¶ 4}   Over a year later, on March 24, 2011, Keiter filed a pro se motion to withdraw his pleas. In support, he asserted that his guilty plea to the gross sexual imposition charges was not entered knowingly, intelligently, or voluntarily. He further argued that the rape charge was unsupported by the evidence and that his no-contest plea resulted from ineffective assistance of counsel. On July 1, 2011, the trial court overruled the motion without a hearing. After quoting extensively from the plea and sentencing transcripts, the trial court concluded:

> This court finds that the record, including the Crim.R. 11 dialogue,
> demonstrates that Keiter is not entitled to relief under Crim.R. 31.2 [sic].   He

has failed to submit evidentiary documents containing sufficient operative facts to demonstrate that his no contest and guilty pleas were coerced, the result of intimidation and ineffective assistance of counsel, or otherwise rendered involuntary and/or that the withdrawal of his pleas is necessary to correct a manifest injustice.

(July 1, 2011 Decision and Entry).

{¶ 5} On June 6, 2012, Keiter filed a pro se notice of appeal from the trial court's July 1, 2011 denial of his motion to withdraw his pleas.[1] His appointed appellate counsel raises two issues for our review. The first issue concerns the trial court's decision to proceed with sentencing after receiving the letter from Keiter mentioned above. We agree with counsel that any potential argument about the letter is wholly frivolous. As noted above, the trial court discussed the letter before sentencing Keiter. In response to questioning, Keiter assured the trial court he wanted to be sentenced. Moreover, any argument about the pre-sentence letter could have been raised on direct appeal. The pre-sentence letter was not mentioned in the defendant's motion to withdraw his plea, and was not raised as a basis to support withdrawal of the plea in the trial court.

{¶ 6} Appointed appellate counsel also notes that the trial court incorrectly advised Keiter at the plea hearing that he would be a Tier I sex offender. The record reflects, however, that the trial court immediately corrected itself and explained that Keiter would be a Tier III

---

[1] Although Keiter's appeal from the trial court's denial of his motion to withdraw his pleas was untimely, this court granted him leave to proceed with a delayed appeal. Parenthetically, we note that on April 16, 2012, Keiter previously had filed an untimely direct appeal from the February 22, 2010 termination entry and had sought leave to proceed with a delayed appeal. This court denied that request and dismissed the direct appeal on May 10, 2012.

sex offender. We see no non-frivolous issue for appeal.

{¶ 7} In Keiter's pro se brief, his first assignment of error refers to the pre-sentence letter he wrote to the trial court. He argues that he did not understand the meaning of a no-contest plea and that he clearly wanted to withdraw his pleas before sentencing. The record does not support this argument. The record reflects a proper Crim.R. 11 plea colloquy. The record further reflects that the trial court explained the nature and consequences of both a guilty plea (for the GSI counts) and a no-contest plea (for the rape count). The court explained that a no contest plea was not an admission of guilt, but rather an admission of the facts contained in the indictment, and that the court would find him guilty. After the court explained the no contest plea, the court asked Keiter: "So do you understand that will be the result of your pleading no contest?" The defendant answered: "Yes, sir, I do." Then, at sentencing, the record reflects that Keiter expressly stated he was prepared to proceed after the court made specific reference to the letter. Again, we see no non-frivolous issue for appeal.

{¶ 8} In his second assignment of error, Keiter argues that the trial court erred at sentencing when it failed to inform him of his appellate rights. This argument fails to demonstrate a non-frivolous issue for at least three reasons. First, Keiter did not raise the argument in support of his post-sentence motion to withdraw his pleas. Second, in a "serious offense" (felonies or misdemeanors with potential of more than six months confinement, Crim. R. 2) when a plea is involved, the trial court "shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed" Crim. R. 32(B)(2). Here the defendant's asserted and potential issues all concern the defendant's plea, not his sentence. Moreover, his appeal is about the denial of his motion to

withdraw his pleas which was not filed until a year later. Thus, if the trial court's failure to provide appellate advice amounted to error, we see no prejudice. Third, the trial court's failure to advise Keiter of his appellate rights at his sentencing is not related to whether the pleas that were completed a couple weeks earlier were knowingly and intelligently made. The second assignment is without arguable merit.

{¶ 9} In his third assignment of error, Keiter contends his trial counsel provided ineffective assistance by not informing him of his appellate rights and by incorrectly advising him about the nature of a no-contest plea. Again, we see no non-frivolous issue for appeal. Keiter did not mention his attorney's alleged failure to advise him of his appellate rights in his post-sentence motion to withdraw his pleas. He argued instead that the pleas were the result of ineffective assistance of counsel because his attorney had failed to explain the nature of a no-contest plea. Counsel's alleged failure to inform Keiter of his appellate rights had nothing to do with his pleas or the denial of his post-sentence motion to withdraw them. As for counsel's allegedly deficient explanation of a no-contest plea, the record contains no evidentiary support for the claim. We note too that the trial court itself adequately explained the effect of a plea of guilty and of a no-contest plea to Keiter before accepting his pleas.

{¶ 10} Finally, Keiter contends the trial court erred at his sentencing hearing by notifying him of post-release control after imposing his sentence. This argument fails to raise a non-frivolous issue for appeal. The trial court advised Keiter of his post-release control obligations during the plea hearing. It repeated that explanation during the sentencing hearing. Immediately after imposing Keiter's prison term, the trial court proceeded to place him on five years of post-release control. Contrary to Keiter's argument, the trial court did not impose

post-release control after sentencing him. Post-release control was part of the sentence. Moreover, the trial court's imposition of post-release control at sentencing had nothing to do with Keiter's pleas or the denial of his post-sentence motion to withdraw them.

{¶ 11} Pursuant to our responsibilities under *Anders*, we have conducted an independent review of the record. Based on that review, we agree with appointed appellate counsel's assessment that there are no non-frivolous issues for appeal related to the trial court's denial of Keiter's post-sentence motion to withdraw his pleas.

{¶ 12} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Carley J. Ingram
Byron K. Shaw
Edgar Keiter
Hon. Dennis J. Langer